CAPITAL TRANSPORTATION COMPANY *v*. CARTER.

4-6733                                          161 S. W. 2d 746

Opinion delivered May 11, 1942.

*Ernest Briner, House, Moses & Holmes* and *Eugene R. Warren,* for appellant.

*McDaniel & Crow* and *W. R. Donham,* for appellee.

GRIFFIN SMITH, C. J. The appeal is from a judgment awarding J. E. Carter $2,500 to compensate personal

injuries received December 6, 1940, when his truck and a street car collided in Little Rock. Error assigned is the court's action in refusing to direct a verdict for the defendant.

Carter, driving an International truck loaded with cattle, was proceeding east on East Ninth street. It is conceded that if the collision occurred on the east side of Hanger street, where Hanger intersects East Ninth, Carter was guilty of contributory negligence and should not recover. *Contra,* if the motorman in charge of the street car negligently continued west across Hanger and thereby closed Carter's avenue of escape, recovery should be sustained. It is not alleged that the verdict is excessive.

Carter's explanation is that automobiles were parked on the south side of Ninth street, blocking from six to eight feet of paving which ordinarily would have been available to traffic. This compelled appellee to utilize the car tracks. Time was 5:50 p. m. Rain had been falling, and there was some mist or haze. Lights were being used on the truck; also on the street car. Appellee was driving at fifteen miles per hour and first observed the trolley car when it stopped on the east side of Hanger. Distance at that time was approximately 130 feet. Appellee's testimony is that the street car struck him just as he went into the intersection—"between the west side and the middle of Hanger street."

After having stopped at the intersection, the motorman started at a time when appellee's position on the tracks was such that a collision was inevitable if the trolley car kept moving. Appellee "took it for granted" the motorman, who was looking directly at him, would realize the peril and stop before proceeding far enough into Hanger to prevent the truck from "clearing" the last automobile parked on the south side of Hanger and turning to the right. Appellee's comment on cross-examination was: "I figured he would surely let me get off of that street car track." When asked why he did not stop his truck, appellee replied:—"I knew if I did, and he didn't stop, he would run over me."

After entering Hanger, appellee apparently "side-swiped" the trolley car with his left front fender,

careened, and continued fifteen or twenty feet before being upset immediately in front of Davis' store.

J. T. Henry, witness for the plaintiff, testified he saw the impact, and "Hanger street didn't have anything to do with the collision. It happened before [Carter] got there." Appellee asserted that one of the parked automobiles was "awfully close" to the Hanger street intersection.

It is difficult to understand how Carter could have driven between the street car and the parked automobile he says was near the intersection, and at the same time avoid the automobile and strike the street car as lightly as he did. From street car rail to the south curb, Ninth street is eleven feet eight inches. The parked automobile near the Hanger street intersection occupied more than half this space, and if in fact the street car was near the west side of Hanger when the impact occurred, it seems highly improbable from a physical standpoint that the truck could have negotiated the closing space, and after striking the street car or being struck by it continue to the Davis store. However, unless impossible, or so highly improbable that no reasonable mind would accept the explanation, a question was presented for the jury.

To hold, as a matter of law, that appellee was contributively negligent would require judicial deductions and harmonizations from the result of which it would be necessary to eliminate certain testimony we regard as substantial. This we do not have the right to do. Attitude of the witnesses, their manner of testifying, and explanations as to distances indicated by gestures, but not appearing clearly in the record, were heard by a judge of the highest integrity who no doubt would have set the verdict aside had he not believed a preponderance of the testimony absolved appellee of blame. In these circumstances the judgment will not be disturbed.

Affirmed.